Argued and submitted September 8, judgment of the Tax Court affirmed
September 21, 1995

Jerry LAKE,
Thelma J. Lake, A. George Cook,
Eleanor Ribbans, Cynthia Allyn,
Gary Haller, Kazuke Lytle, Bill Lytle,
Vernon M. Neet, Ruth M. Olson, Edith Ellis,
Diane Hardenbrook, Ivan L. Fisher,
Edward S. Cox, Betty J. Rodke,
G.P. Koberstein, Louise Koberstein,
Walter J. Biegel, Gladys Jane Biegel, and Isabel Porter,
*Appellants,*

*v.*

LANE COUNTY,
*Respondent.*

(OTC 3309; SC S41912)

902 P2d 90

Robert L. Ackerman, of Ackerman, DeWenter & Hunt-sberger, P.C., Springfield, argued the cause and filed the briefs for appellants.

G. David Jewett, of Thorp, Purdy, Jewett, Urness & Wilkinson, P.C., Springfield, argued the cause and filed the briefs for respondent.

PER CURIAM

## PER CURIAM

This is an appeal by a group of taxpayers who are residents of an unincorporated area of Lane County. They seek reversal of a judgment of the Oregon Tax Court that denied them a declaration that a fee imposed by Lane County should be designated as being subject to the property tax limitation imposed by Article XI, section 11b, of the Oregon Constitution. We affirm.

The Lane County Metropolitan Waste Water Service District (Service District) was formed under ORS chapter 451. In 1978, it sold general obligation bonds to finance the construction of a regional sewage treatment facility to be used by several municipalities in the region. The Service District imposed a tax levy to repay the bonds. Taxpayers' real property is located outside the 1990 boundaries of the Service District and was not served by the regional system initially. However, after the bonds were voted and issued, the City of Eugene extended the sewers to serve taxpayers' real property, pursuant to various intergovernmental agreements and actions.

Lane County imposes a fee, designated an "in lieu of bond retirement fee," against real property that is located outside the Service District but is served by the sewers and sewage treatment facility that the Service District constructed. Lane County remits the proceeds from the fees to the Service District to pay the principal and interest on the bonds issued by the Service District. The fee is a lien on the real property of taxpayers and subjects that property to foreclosure if the fees are not paid.

Article XI, section 11b(3)(b), of the Oregon Constitution, provides:

> "The limitations [on property taxes] of subsection (1) of this section apply to all taxes imposed on property or property ownership except
>
> "* * * * *
>
> "(b) Taxes imposed to pay the principal and interest on bonded indebtedness incurred or to be incurred for capital construction or improvements, provided the bonds are offered as general obligations of the issuing governmental unit and provided further that either the bonds were issued

no later than November 6, 1990, or the question of the issuance of the specific bonds has been approved by the electors of the issuing governmental unit."

Taxpayers assert that the assessment "in lieu of bond retirement fee" is a "tax" within the meaning of Article XI, section 11b, but that the tax is not exempt under Article XI, section 11b(3)(b), because the governmental entity collecting the "tax" is not the same governmental entity that imposed it.

We are not persuaded by taxpayers' argument. There is no question that the obligation in question arises out of bonded indebtedness incurred for capital construction, that the bonds were offered as general obligations of the issuing governmental unit, or that the bonds were issued no later than November 6, 1990. Those are the only qualifications that have to be met in order for the amounts at issue here to be exempt, under Article XI, section 11b(3)(b), of the Oregon Constitution, from the limitation imposed by Article XI, section 11b(1), of the Oregon Constitution. The fact that a governmental unit, other than the one that issued the general obligation bonds, serves as a conduit for the collection of amounts required to service the debt on the bonds is not relevant. The Tax Court's conclusion to that effect was correct.

The judgment of the Tax Court is affirmed.